08 CV 4970

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

Hajoco International B.V.,

       Plaintiff,

v.

Projector S.A. of Belize,

       Defendant.
------------------------------------------------------------x

08 CIV _____

**VERIFIED COMPLAINT**



  Plaintiff Hajoco International B.V. ("HI"), through its attorneys DLA Piper US LLP, as and for its Verified Complaint against Defendant Projector S.A. of Belize ("Projector"), avers as follows:

### Jurisdiction and Venue

1. The Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 because the action involves a claim for the breach of a maritime contract. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Venue in this district is proper in accordance with 28 U.S.C. § 1391(b)(2).

### The Parties

3. At all times relevant hereto, Plaintiff HI was and still is a foreign business entity duly organized and existing under the laws of a foreign country with a place of business in Amsterdam, The Netherlands.

4. At all times relevant hereto, Defendant Projector was and still is a foreign business entity duly organized and existing under the laws of Belize. Defendant Projector cannot

be found within this district within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule B").

### The Charter Party Contract

5. On or about March 18, 2008 HI, as owner of the M/V Pacific Ruby (the "Vessel"), entered into a Voyage Charter Party ("C/P") with Projector, as charterer of the Vessel.

6. Under that C/P, Projector agreed to charter the Vessel from HI for a voyage from Chittagong, Bangladesh to Haldia, India.

### The Dispute

7. Projector incurred demurrage charges at the ports of Chittagong and Haldia in the amount of $84,353.75.

8. Despite repeated demands Projector has not paid the demurrage owed to HI.

9. Projector's failure to make such payment in accordance with its obligations under the C/P constitutes a breach of contract.

### Claim for Relief

10. Upon information and belief, Projector has or will have during the pendency of this action assets within this district subject to the jurisdiction of this Court, and which are, or will be, in the custody or control of HSBC Bank USA N.A., and are due and owing to HI.

11. HI seeks an order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B, attaching any funds or assets of Projector held by HSBC Bank USA, N.A. and/or any other garnishee in this district, to secure HI's demurrage claim.

12. HI seeks to attach funds in the total sum of $90,000.00 to cover its damages, inclusive of interest and costs.

WHEREFORE, Plaintiff HI requests:

a. That this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment, pursuant to Supplemental Rule B, attaching all tangible and intangible property of Projector within this district, and in whatever form, including any funds held by any garnishee, including but not limited to HSBC Bank USA, which are due and owing to HI, up to the amount of $90,000.00, including interest and costs.

b. That this Court, after due proceedings, enter judgment in favor of HI and against Projector in the sum of $84,353.75, together with prejudgment interest and costs.

c. That Plaintiff HI have such other, further and different relief as this Court may deem just and proper in the premises.

Date: New York, New York
May 29, 2008

Respectfully submitted,

DLA PIPER US LLP

By: _____
Camilo Cardozo (camilo.cardozo@dlapiper.com)
Peri A. Berger (peri.berger@dlapiper.com)
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 335-4500

Attorneys for Plaintiff
Hajoco International B.V.

## ATTORNEY VERIFICATION

State of New York  )
                   )  ss:
County of New York )

    Peri A. Berger, being duly sworn, deposes and says as follows:

1. I am an associate with the law firm of DLA Piper US LLP, attorneys for Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same are true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from Hajoco International B.V. ("HI") to my colleagues in the firm's offices in London, and the documents provided by HI regarding the claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers is presently within this District.

                                      _____
                                            PERI A. BERGER

Sworn to before me this
29th day of May, 2008

_____
Notary Public
ROSEMARY M. MICCIULLI
Notary Public, State of New York
No. 01MI4829127
Qualified in Nassau County
Commission Expires Jan. 31, 20__